1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD ADAMS,

11          Plaintiff,                      No. 2:09-cv-01342 JAM KJN

12      v.                                  ORDER

13   THYSSENKRUPP SAFWAY, INC., and
     DOES 1 through 60, inclusive,
14
            Defendants.
15   _____/

16          Presently before the court is plaintiff's motion for a protective order seeking to

17   prevent defendant from: (1) removing certain physical evidence, a scaffolding plank broken in

18   two pieces, from the possession of a third party; (2) transporting the pieces of plank outside of

19   the State of California, as defendant has suggested it would do; and (3) conducting any

20   destructive testing of the pieces of plank.[1]  (See Dkt. Nos. 13, 15.)  Plaintiff also seeks $4,700.00

21   in attorneys' fees and costs.

22          Having concluded that oral argument would not assist the court, the undersigned

23   hereby submits plaintiff's motion on the briefs and record on file.  The undersigned has fully

24   _____

25          [1] This case was referred to the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1), and by an order entered February 8, 2010 (Dkt.
26   No. 12).

                                            1

1  considered the parties' briefs and the record in this case and, for the reasons that follow, grants

2  plaintiff's motion for a protective order and denies plaintiff's request for attorneys' fees and

3  costs.

4  I.      BACKGROUND

5          Plaintiff alleges that he was employed as a plasterer for W.F. Hayward Company

6  and that, on or around March 1, 2007, he suffered personal injuries at a job site when he stepped

7  on a scaffolding plank and it snapped into two pieces.  The two pieces of scaffolding plank

8  involved in the incident are the subject of plaintiff's motion.  Defendant is alleged to have

9  provided and installed the scaffolding at the job site, and it is undisputed that defendant owns the

10 pieces of plank at issue.

11         J.L. Bray & Son, Inc. ("J.L. Bray"), a non-party that was the general contractor on

12 the subject job, currently possesses the pieces of the plank.  J.L. Bray is located in Salida,

13 California, and both parties appear to have unfettered access to the evidence.  Plaintiff represents

14 that defendant intends to transfer the pieces of plank to Wisconsin for visual inspection and non-

15 destructive testing if it is permitted custody of that evidence.  (Righthand Decl. ¶ 16 & Ex. E.)[2]

16         It appears that defendant attempted to remove the pieces of plank at issue on the

17 day plaintiff was allegedly injured.  According to deposition testimony submitted by the parties,

18 an individual believed to be defendant's representative, a superintendent, attempted to remove

19 the plank pieces but was stopped by Bruce Cole, an employee or agent of J.L. Bray.  (Joint

20 Statement re Discovery Dispute ("Joint Statement"), Exs. L, M, Dkt. No. 15.)  Mr. Cole placed

21 the evidence in J.L. Bray's trailer at the job site.  (Id., Ex. L.)

22         On February 24, 2009, plaintiff filed a complaint in Sacramento Superior Court.

23 Defendant subsequently removed this action to federal court.  (Dkt. No. 1.)

24

25         [2] Exhibit E to the Righthand Declaration, upon which plaintiff relies, does not expressly
   indicate that defendant would transport the plank pieces to Wisconsin.  However, defendant has
26 not objected to plaintiff's characterization of defendant's intentions.

1    Jack Bray, of J.L. Bray, was deposed in this case on March 26, 2010.  (See Joint

2    Statement, Ex. B.)  He brought the subject plank pieces to his deposition and offered to release

3    them to one of the parties.  (Id.)  Neither party left the deposition with the evidence.  In the

4    parties' Joint Statement, defendant asserts, unsupported by documents or declarations, that

5    Mr. Bray would like to release the evidence to defendant.  (Joint Statement at 4:2-3.)  Plaintiff's

6    portion of the Joint Statement states that "Mr. Bray has not objected to retaining custody of the

7    subject planks."  (Id. at 7:23.)

8         According to a letter from plaintiff, defendant allegedly noticed an inspection of

9    the pieces of scaffolding plank for May 24, 2010, at J.L. Bray's location.  Plaintiff alleges that

10   defendant again attempted to remove the plank pieces during this scheduled inspection, and that

11   Mr. Bray prevented defendant from doing so.  (Joint Statement, Ex. J.)

12        On May 27, 2010, defendant issued a subpoena to J.L. Bray seeking the

13   production for inspection of the two pieces of scaffolding plank on June 16, 2010, at what the

14   parties appear to agree is defendant's site in Benicia, California.  (Joint Statement, Ex. C.)  With

15   regard to the command for production, the subpoena included the following: "The two pieces of

16   plank which are the subject of this litigation and owned by ThyssenKrupp Safway, Inc.,

17   previously marked as Exhibits 6A and 6B at your deposition on March 26, 2010.  Non-

18   destructive testing will be completed by employees of ThyssenKrupp Safway, Inc., at a different

19   location.  Custody of the plank will remain with ThyssenKrupp."  (Id.)

20        Also on May 27, 2010, defendant sent a letter to plaintiff wherein it asserted

21   ownership of the plank pieces and notified plaintiff that it intended to take custody of the plank

22   pieces, conduct non-destructive testing similar to that conducted by plaintiff,[3] and retain custody

23   of the pieces of plank and maintain a record of the chain of custody.  (Joint Statement, Ex. F.)

24

25        [3] The parties' Joint Statement contains a representation by defendant's counsel that he is
aware that "plaintiff's consultants inspected the subject planks on at least two occasions, early in
2010 and again on June 10, 2010."  (Joint Statement at 4:16-18.)  No declaration or documentary

26   evidence has been submitted in support of this representation.

1    Defendant also offered to effectuate this transfer of the physical evidence by stipulation.  (Id.,

2    Exs. F, G.)

3            On May 28, 2010, plaintiff sent a letter to defendant asserting that he "was

4    unwilling to allow anyone to take possession of the evidence . . . for reasons pertaining to both

5    chain of custody and evidence tampering." (Joint Statement, Ex. J.)  This letter also references

6    the inspection alleged to have been noticed by defendant for May 24, 2010.  (Id.)  Plaintiff sent

7    another meet-and-confer letter to defendant on June 2, 2010, wherein plaintiff stated that he was

8    "receptive to [defendant's] efforts to inspect the boards," but that the inspection must occur at

9    J.L. Bray's location and it must consist of non-destructive testing.  (Id., Ex. K.)  Plaintiff also

10   referenced defendant's alleged prior attempts to take the evidence at issue.

11           On June 3, 2010, plaintiff sent a letter to J.L. Bray referencing the subpoena,

12   asserting that plaintiff would be filing a motion for a protective order seeking to prevent the

13   removal and transport of the plank pieces, and stating: "In the meantime, you are not authorized

14   to release this evidence, nor do the attorneys or representatives of Thyssenkrupp Safway have the

15   authorization to remove this evidence from your possession." (Joint Statement, Ex. E.)  In

16   response to this letter, defendant contacted plaintiff and reasserted its position regarding custody

17   of the pieces of plank and its suggestion of a stipulated transfer.  (Id., Ex. H.)

18           Plaintiff filed his motion for a protective order on June 9, 2010.[4]  (Dkt. No. 13.)

19   In light of the pending motion, it appears no stipulation was ever agreed to by the parties.

20           On June 17, 2010, defendant issued a Second Amended Subpoena in a Civil Case

21   with reference to the pieces of plank, which noticed a production date of July 7, 2010, again at

22   defendant's Benicia location.  (Joint Statement, Ex. D.)  The amended subpoena contained the

23   same or similar statement contained in the original subpoena regarding production, non-

24   destructive testing, and custody of the pieces of plank.  (Id.)

25   _____

26        [4]  The parties' discovery completion deadline is July 30, 2010.  (Dkt. No. 9 at 3.)

4

1    Also on July 17, 2010, defendant transmitted a letter to plaintiff summarizing its

2    position for the purpose of preparing the parties' joint statement.  (Joint Statement, Ex. I.)  On

3    July 15, 2010, the parties filed a timely joint statement re discovery disagreement.  (Dkt. No. 15.)

4    II.    DISCUSSION

5         A.    Plaintiff's Motion for Protective Order

6         Federal Rule of Civil Procedure 26(b) states that "[p]arties may obtain discovery

7    regarding any nonprivileged matter that is relevant to any party's claims or defense."  It further

8    provides that "[r]elevant information need not be admissible at the trial if the discovery appears

9    reasonably calculated to lead to the discovery of admissible evidence."  Id.  However, there are

10   some limits to these general discovery principles.  Pursuant to Federal Rule of Civil Procedure

11   26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from

12   annoyance, embarrassment, oppression, or undue burden or expense."[5]  The party seeking the

13   protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that

14   will result from the discovery."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004)

15   (citation omitted); see also Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.

16   1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,

17   do not satisfy the Rule 26(c) test" (citation and quotation marks omitted)).  "'If a court finds

18   particularized harm will result from disclosure of information to the public, then it balances the

19   public and private interests to decide whether a protective order is necessary.'"  Rivera, 364 F.3d

20   at 1063-64 (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211

21   (9th Cir. 2002)).

22        Federal Rule of Civil Procedure Rule 26(c) "confers broad discretion on the trial

23   court to decide when a protective order is appropriate and what degree of protection is required."

24

25        [5]  A motion seeking such relief "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c)(1).  The parties' Joint Statement certifies as

26   much.  (Joint Statement at 9:10-13.)

1    Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (stating also that the "[t]he unique

2    character of the discovery process requires that the trial court have substantial latitude to fashion

3    protective orders"); see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d

4    363, 368 (9th Cir. 1992) ("This circuit has recognized as part of a district court's inherent powers

5    the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair

6    and orderly trial" (citation and quotation marks omitted).).  Although the protective order sought

7    by plaintiff does not fit squarely within the language of the rule, district courts have entered

8    protective orders in order to preserve physical evidence that might be needed for trial.[6]  See, e.g.,

9    Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc., 248 F.R.D. 632, 641-42 (S.D. Fla. 2008) (entering

10   a protective order to preserve physical evidence in the form of windows relevant to the

11   litigation); Pitts v. Bridgestone Americas Holdings, Inc., No. Civ.A. 206CV1008-MEF, 2007 WL

12   1040510, at *1 (M.D. Ala. Mar. 30, 2007) (unpublished) (entering a protective order prohibiting

13   parties from "disposing of, selling, materially altering or changing, or conducting destructive

14   testing on the vehicle or the tires, rims, hubs, and valve stems that were on the vehicle at the time

15   of the accident . . . ."); Wilson v. Lee, No. 01 C 5773, 2001 WL 1135900, at *7 (N.D. Ill.

16   Sept. 24, 2001) (unpublished) (entering a protective order directing that prison officials preserve

17   videotape and photographic evidence until the final disposition of the case).

18           Here, plaintiff has made a showing of good cause sufficient to warrant the entry of

19   a protective order to preserve the pieces of plank for trial and to preclude the transport of that

20   evidence outside the State of California.  The pieces of plank are central to this case, and plaintiff

21   would suffer particularized prejudice if the planks were lost, damaged, destroyed, or otherwise

22   materially altered while being transported out of state by defendant.  Additionally, it appears that

23   both parties require access to the pieces of plank to conduct further non-destructive and

24

25        [6]  Although Federal Rule of Civil Procedure 26(c)(1) provides several examples of the
     types of protective orders a court may enter, that list is not exhaustive.  See, e.g., James WM.
26   Moore, 6 Moore's Federal Practice § 26.105[1][b] (Matthew Bender 3d ed. 2010).

1    destructive testing, and that neither party has yet completed efforts in this regard.  Again, damage

2    or destruction of the pieces of plank during transport would thwart these efforts.  Furthermore,

3    defendant has provided no explanation regarding why the evidence must be transported out of

4    state or why any non-destructive or destructive testing could not be sufficiently completed in

5    California.  Accordingly, the undersigned will enter a protective order prohibiting defendant from

6    transporting the pieces of scaffolding plank at issue outside of the State of California.

7            However, plaintiff has not provided the court with a persuasive reason regarding

8    why this evidence should remain with J.L. Bray, a third party and potential witness in this case.

9    Defendant is the undisputed owner of this evidence and is entitled to its possession.  In addition,

10   defendant has offered to maintain a record of the chain of custody with respect to the pieces of

11   plank.  Accordingly, the protective order will further require that the parties arrange for the

12   transfer of the pieces of scaffolding plank from J.L. Bray to defendant.  Defendant will be

13   required to store the pieces of plank at its Benicia, California, location or another location within

14   the State of California that is agreeable to both parties.  Defendant will also be required to store

15   the pieces of plank in a manner conducive to the preservation of the condition of those pieces of

16   plank for trial.  Finally, defendant must maintain a record of the chain of custody of the pieces of

17   plank and provide plaintiff with reasonable access to the evidence for visual inspection or non-

18   destructive testing, and any destructive testing to which the parties agree.

19           The undersigned shares plaintiff's concerns regarding defendant's prior attempts

20   to remove the pieces of plank, although not to the same degree as plaintiff.  The undersigned is

21   also concerned about any possible damage to the evidence prior to trial.  However, plaintiff has a

22   recourse should defendant lose, destroy, damage, or otherwise materially alter the pieces of

23   scaffolding plank.  Plaintiff may request that the court impose evidentiary sanctions for the

24   destruction or spoliation of evidence.  See, e.g, Cont'l Cas. Co. v. St. Paul Surplus Lines Ins. Co.,

25   265 F.R.D. 510, 533 (E.D. Cal. 2010) ("The court has the inherent authority to impose

26   evidentiary sanctions based on destruction or spoliation of evidence.").  Although this might not

1    be a perfect remedy for plaintiff, it should provide sufficient motivation for defendant to properly

2    and adequately preserve the pieces of scaffolding plank at issue.

3           B.    Plaintiff's Request for Fees and Costs

4                  Plaintiff's counsel seeks $4,700.00 in attorneys' fees and costs pursuant to Federal

5    Rule of Civil Procedure 37(a)(5).  (Mot. for Protective Order at 9-10; Righthand Decl. ¶ 17.)

6    Defendant did not respond to this request for an award of fees and costs in the parties' Joint

7    Statement.

8                  Federal Rule of Civil Procedure 37(a)(5) provides:

9                  **(5) *Payment of Expenses; Protective Orders.***

10                 **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After
                   Filing).*  If the motion is granted--or if the disclosure or requested
11                 discovery is provided after the motion was filed--the court must, after
                   giving an opportunity to be heard, require the party or deponent whose
12                 conduct necessitated the motion, the party or attorney advising that
                   conduct, or both to pay the movant's reasonable expenses incurred in
13                 making the motion, including attorney's fees.  But the court must not order
                   this payment if:
14
                   (i) the movant filed the motion before attempting in good faith to obtain
15                 the disclosure or discovery without court action;

16                 (ii) the opposing party's nondisclosure, response, or objection was
                   substantially justified; or
17
                   (iii) other circumstances make an award of expenses unjust.
18

19                 The undersigned concludes that the award of reasonable expenses to plaintiff is

20   not warranted in this case.  First, plaintiff's motion does not involve a refusal of discovery by

21   defendant, and defendant made legitimate efforts to resolve this dispute outside of court.

22   Second, the court will only grant plaintiff's motion in part, and defendant will be permitted to

23   retain possession of the evidence.  Moreover, the protective order will include a provision

24   regarding a documented chain of custody that defendant had offered at the outset of this dispute.

25   Thus, defendant's position was in most respects substantially justified.  Finally, the award of

26   reasonable expenses would be unjust here.  First, plaintiff's counsel needlessly duplicated his

1   efforts.  A substantial amount of plaintiff's counsel's time appears to have been devoted to

2   preparing an initial memorandum of points and authorities in support of plaintiff's motion, but

3   this court clearly requires a Joint Statement Re Discovery Dispute, see Local Rule 251, which the

4   parties subsequently prepared.  Second, plaintiff's initial memorandum and the Joint Statement

5   were largely devoid of legal authorities that would have assisted the court in assessing the

6   propriety of the protective order sought.  Under these circumstances, it would be unjust to award

7   plaintiff with attorney's fees or costs.  Accordingly, plaintiff's request for attorney's fees and

8   costs will be denied.

9   III.   CONCLUSION

10          For the foregoing reasons, IT IS HEREBY ORDERED that:

11          1.      Plaintiff's motion for a protective order (Dkt. No. 13) is granted in part.

12          2.      Plaintiff and defendant, in consultation with J.L. Bray & Son, Inc., shall

13   arrange for the transfer of the two pieces of scaffolding plank at issue from J.L. Bray & Son, Inc.

14   to defendant on or before July 30, 2010, which is the date of the parties' discovery completion

15   deadline.

16          3.      Defendant may not transport the pieces of scaffolding plank outside of the

17   State of California, except with prior approval from plaintiff or an order of this court.

18          4.      Defendant shall store the pieces of scaffolding plank at its Benicia,

19   California, location, or another location in the State of California agreed to by both parties.

20          5.      Defendant shall store the pieces of scaffolding plank in a manner

21   conducive to the preservation of the condition of those pieces of scaffolding plank for trial.

22          6.      Defendant shall maintain a record of the chain of custody of the pieces of

23   scaffolding plank and provide plaintiff with reasonable access to this evidence for visual

24   inspection or non-destructive testing, and mutually agreed upon destructive testing.

25          7.      This protective order shall remain in effect until the conclusion of this

26   litigation, including termination of any appeal.

8.    Plaintiffs' request for attorney's fees and costs is denied.

IT IS SO ORDERED.

DATED:  July 19, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE