IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ADAMS,

    Plaintiff,   No. 2:09-cv-01342 JAM KJN

    v.

THYSSENKRUPP SAFWAY, INC., and
DOES 1 through 60, inclusive,

    Defendants.   ORDER

_____/

Presently set for hearing on September 9, 2010, is defendant's motion to compel a vocational rehabilitation examination of plaintiff pursuant to Federal Rule of Civil Procedure 35(a), with such examination scheduled to take place on September 13, 2010. (Dkt. No. 13.) Defendant filed its motion on September 1, 2010, and, in accordance with Eastern District Local Rule 251(a), the parties filed a Joint Statement Re Discovery Dispute ("Joint Statement") concurrently with defendant's notice of motion and motion to compel. (Dkt. No. 23, Doc. No. 23-1). Accordingly, pursuant to this court's local rules, defendant's motion was "placed on the next regularly scheduled calendar date for the Magistrate Judge . . . hearing the motion at least seven (7) days thereafter," i.e., September 9, 2010. E. Dist. Local Rule 251(a) ("If the notice of motion and motion are filed concurrently with the Joint Statement, the motion shall be placed on

the next regularly scheduled calendar for the Magistrate Judge or Judge hearing the motion at least seven (7) days thereafter.").

Despite having contributed to and signed the Joint Statement, plaintiff filed ex parte objections to the September 9, 2010 hearing date on the grounds that: (1) plaintiff's counsel had inadequate notice of the proposed hearing, and (2) plaintiff's counsel is scheduled to appear in Los Angeles Superior Court on an unrelated matter on September 9, 2010, at 9:00 a.m. (Dkt. No. 25.) Although this court generally uses the joint statement process insofar as discovery disputes are concerned, E. Dist Local Rule 251(a), (c), plaintiff's counsel requests that the court set a briefing schedule so that plaintiff may adequately oppose defendant's motion.

Plaintiff's opportunity to oppose defendant's motion came in the form of the Joint Statement, which plaintiff's counsel contributed to and signed. Nothing in this court's rules obligated plaintiff to execute the Joint Statement so that it would be filed concurrently with defendant's notice of motion and motion to compel and result in a hearing on seven days notice, as opposed to twenty-one days notice. Accordingly, defendant's motion will remain on calendar on September 9, 2010, but the court will specially set the hearing at 11:00 a.m., to accommodate plaintiff's schedule. Counsel for both parties will also be permitted to appear telephonically if they provide the required contact information to the court in advance of the hearing.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the September 9, 2010 hearing date on defendant's motion to compel are overruled.

////
////
////
////
////
////

2. Defendant's motion to compel a vocational rehabilitation examination will remain on calendar and will take place on September 9, 2010, before the undersigned. However, the hearing will commence at 11:00 a.m.

IT IS SO ORDERED.

DATED: September 7, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE